# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00345-CV

FILED
September 15, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

Clifford Bart Dunbar, Appellant

V.

Naima El Khaoua, Appellee

## PETITION FOR REHEARING

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Clifford Bart Dunbar, Appellant, and respectfully moves This Honorable Court To grant Appellant a Rehearing on Cause No. 03-14-00345-CV That This Court decided on August 21, 2015.

IN support Thereof Appellant will respectfully show That This Court should grant This Rehearing.

### I

The Court of Appeals' reasoning in denying Appellant's First ground of error That Appellant was deprived of his Right To a Fair and Equitable Process of Law by The Trial Court Denying his right To Appear and Defend himself in a Court of Law was To deny Appellant's Constitutional Right To Due Process.

Appellant's issue was That The Trial Court abused its

RECEIVED
SEP 15 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

1

discretion by failing to allow his participation in the final hearing.

This Court correctly stated that inmates cannot be denied access to the courts simply because they are inmates. In re Z.L.T., 124 S.W.3d 163, 166 (Tex. 2003). The Court further determined that an inmate does not have an absolute right to personally appear in every proceeding.

Appellant did not to appear, Appellant simply tried to proceed by affidavit and correspondence to the Trial Court and Appellee. See Appellant's answer to original petition and Appellant's Proposed Property Division (court record p. 53 dated 2/18/2014).

As this Court stated in Larson V. Giesenschlag, 368 S.W.3d 792, 797 (Tex. App.—Austin 2011, no pet.) "we review a trial Court's decision on an inmates request to participate, either personally or by alternative means, for an abuse of discretion. Id. at 796. A Trial Court abuses its discretion if it fails to act on an inmates request for participation and as a result, effectively bars the inmate from participating. Id."

Appellee contended that Appellant waived his right to appear and defend himself, because, although he received notice of the Trial, he made no request to participate in the proceedings, personally or otherwise, prior to Trial.

2

This Court adopted that reasoning also and ignored Appellant's answer to the original petition and Appellant's proposed property division.

Appellant countered every action Appellee made, when proper, in writting to the Trial Court and Appellee before the date of the Trial.

This Court even acknowledged Appellant's statement in his answer to the original petition, "I am currently incarcerated by the Texas Department of Criminal Justice. Thus, if for any reason the Court requires my presence the Court will need to bench warrant me back to Travis County."

This Court then concluded, "... that this statement is insufficient to constitute a request for a bench warrant or a request to participate by alternative means, and the record does not show that Dunbar otherwise attempted to participate at Trial in any manner."

Appellant is not an attorney. The Courts have repeatedly held that lay persons acting on their own behalf without the assistance of Trained paralegals or attorneys should not be held to the same strict standards of Trained Legal Professionals.

Appellant specifically showed he was trying to participate in the Trial in whatever manner the Court's

3

and the State of Texas would allow him to do so.

Appellee filed her original Motion for Divorce. Appellant answered to the Court and Appellee. Appellant specifically stated if the Trial court required his presence the Trial Court would have to bench warrant Appellant to the Trial Court because Appellant was prevented from attending by the State of Texas.

Appellee filed her Proposed Property Division. Appellant promptly answered to the Trial Court and the Appellee with his own Proposed Property Division.

Appellee filed an Amended Petition two days before the Trial and Appellant was unable to answer the Amended Petition before or during trial due to his receiving it the day before Trial. Appellant was prevented from participating personally by the State of Texas and its agency the Department of Criminal Justice.

In Appellant's Request for de novo hearing, his grounds for the hearing were because the Trial Court (1) did not allow him to participate and ignored his attempts to participate; (2) allowed an improper amendment to the Petition by Appellee without giving Appellant an opportunity to refute it; (3) made an improper property division; and (4) held Appellant at fault for not being present when the State of Texas and its agency's prevented him from being present.

4

In Appellant's Request for New Trial, Appellant raised The same grounds with additional case law in support Thereof.

On direct Appeal Appellant again raised The same four (4) grounds.

This Court Then ruled, "To preserve a complaint for our review, a party must have presented To The Trial Court a Timely request, objection, or motion That states The specific grounds for The desired ruling, if They are not apparent from The context of The request, objection, or motion. Tex. R. App. P. 33, 1(a)(1)(A)."

To let This Opinion stand is To require The impossible of an inmate. This Court is saying Appellant did not preserve The complaint. How else was Appellant supposed To be able To preserve The complaint? Appellant did not know until he received The "Final Decree of Divorce" That The Trial Court was going To ignore all his counter proposals, That The Trial Court was going To allow Appellee To amend The petition and make new allegations That Appellant had not had Time To answer, and furthermore, find Appellant at fault for not being present and award all The community property To Appellee.

To allow This is To make a mockery of The United States Constitution's First Amendment right To redress in The Court of Law; and The United States Constitution's Fourteenth Amendment's Right To Due Process and Equal

Protection of the Law.

As this Court stated in "Campbell v. State, 85 S.w.3d 176, 185 (Tex. 2002) ('[A]n objection is sufficient to preserve error for appeal if it allows the Trial judge to make an informed ruling and the other party to remedy the defect...'). Accordingly, error is not preserved on this issue and the complaint is waived. "

Appellant contends he did let the Trial judge make an informed ruling through his Motion for de Novo hearing and his Motion for New Trial. The Trial Court and the Trial judge chose to ignore said Motions and let them be overruled by operation of Law.

Thus, Appellant preserved this issue the only possible way he could since the State of Texas prevented him from personally objecting to the Trial Court's and Appellee's actions in Court at the Time of Trial.

## II

The Court of Appeals reasoning in denying Appellants Second ground of error, his U.S. Constitutional Right to Notice, Due Process and Equal Protection of the Laws is at fault and should be reconsidered.

Appellant argued that the felony-conviction ground for divorce was Amended to the original petition for divorce in violation of Texas Rule of Civil Procedure 21-21a, that requires that Motions and Pleadings subject

6

To "Certificates of Service" be filed at least three days before the hearing. Appellant then proceded to show that the only legal grounds for divorce was insupportability.

This Court stated in its Opinion, "Texas Rule of Civil Procedure 63 provides that parties may amend their pleadings "provided, that any pleadings, responses, or pleas offered for filing within seven days of the date of trial or thereafter,... shall be filed only after leave of the judge is obtained." Tex. R. Civ. P. 63. Both the divorce decree and the Trial Courts' findings of fact and conclusions of law expressly state that one of the two grounds relied on by the Court in granting the divorce was Dunbar's felony conviction. This ground was raised by El Khaoua for the first time in her amended petition, filed less than seven days before trial. Therefore, even though there is no indication that El Khaoua requested leave to file the amended pleading, the record shows that the Trial Court considered the amended pleading and leave of court is presumed. Goswami v. Metropolitan Sav. & Loan Ass'n, 751 S.W.2d 487, 490-91 (Tex. 1988) (noting that "failure to obtain leave of court when filing a late pleading may be cured by the Trial Court' action in considering the amended pleading"). Therefore, the issue on appeal becomes whether the Trial Court abused its discretion in permitting the pleading amendment. See Perez v. Embree

7

Constr. Grp., 228 S.W.3d 875, 882-83 (Tex. App.—Austin 2007, pet. denied) ("A trial Courts' decision on whether To allow the amendment of pleadings is reviewed under an abuse-of-discretion standard."), "

"A Trial Court must permit a pleading amendment unless (1) The opposing party presents evidence of surprise or prejudice or (2) The amendment asserts a new cause of action or defense, and thus is prejudicial on its face, and the opposing party objects To The amendment. Greenhalgh v. Service Lloyds Ins. Co., 787 S.W.2d 938, 939 (Tex. 1990); Thomas V. Graham Mortg. Corp., 408 S.W.3d 581, 593 (Tex. App.—Austin 2013, pet. denied). The burden of showing surprise or prejudice rests on The party resisting The amendment. Greenhalgh, 787 S.W.2d at 939. An amendment is prejudicial on its face if (1) it asserts a new substantive matter That reshapes The nature of The case; (2) The opposing party could not have anticipated The amendment; and (3) it prejudices The plaintiff's presentation of The case. Thomas, 408 S.W.3d at 593. If the Trial amendment is not mandatory, Then The decision To permit or deny The amendment rests with The Sound discretion of The Trial Court. Greenhalgh, 787 S.W.2d at 939. Here, Dunbar does not argue and The record does not show That he presented any specific evidence of surprise or prejudice To The Trial Court. In addition,

Dunbar never objected to the amendment on the ground that it was prejudicial on its face. Nevertheless, assuming without deciding that Dunbar has preserved his complaint on appeal, for the following reasons, we hold that the pleading amendment was not prejudicial."

"First, to the extent Dunbar suggests that there was no ground, absent the felony-conviction ground, upon which the trial court could have granted the divorce, we disagree."

Appellant respectfully disagrees with that statement. In Appellant's Appeal Brief under Ground for Review Number Two (p.11) Appellant specifically stated, "Thus, the trial court abused its discretion by decreeing any grounds for divorce other than insupportability."

The Court of Appeals went on to state; "A party may move for divorce on both the [ ] no-fault ground of insupportability ['] [emphasis added] and on a ground based in fault, such as felony-conviction. Morrison v. Morrison, 713 S.W.2d 377, 378-79 (Tex. App. -Dallas 1986, writ dism'd). Dunbar does not challenge the trial court's finding of insupportability, and this finding alone is sufficient to support the trial court's dissolution of the marriage... Therefore, the fact that the trial court found that the marriage could have also been terminated on the felony-conviction ground is of no prejudicial effect. "

9

Appellant disagrees and respectfully asks This Court To reconsider. Appellant specifically asked This Court to amend The Divorce Decree To show That The divorce is granted on The Sole grounds of insupportability and That Appellant Not be held in default for not being present at Trial when Appellant was in The Custody of The STate of Texas and could not legally or physically be present at The Trial without The The Trial Court bench warranting him back legally To be at said Trial. See Appellant's Appeal brief page 11 where he states for ground Two, "Thus, The Trial Court abused iTs discretion by decreeing any grounds for divorce other Than insupportability."; page 18 of Appeal brief where Appellant states, "In ground Two, Appellant has shown The only viable grounds for divorce is insupportability. This was Appellee's sole ground in her original petition and Appellant has never denied and even agreed ThaT The marriage has become insupportable.", "As such The Trial Court's ruling be amended To a Decree on The sole ground of insupportability and remanded for a New Trial on a just and equitable property division."; Page 18 of Appeal brief where Appellant states in ground Three,, " The Trial Court's ruling should be amended To a Decree on The sole ground of insupportability and remanded for a New Trial on a just and equitable property division."; on page 19 of Appellant's Appeal brief in

his Prayer to This Honorable Court he stated, "Appellant respectfully prays That This HONORABLE COURT remands This cause for a New Trial To amend The decree To read divorce granted on sole grounds of insupportability and To fairly and equitably divide The community Property."

In answer To This Courts' abuse-of-discretion Standards, Appellant will show: This Court stated, "A Trial Court must permit a pleading amendment unless (1) The opposing party presents evidence of surprise or prejudice or",

Appellant contends he could not present evidence of surprise or prejudice To The Trial Court at Trial because Appellant was prevented from being in The Trial Court at Trial by The State of Texas and The Trial Courts' decision To not bench warrent Appellant. Additionally, Appellant could not respond by mail as he received The amendment The day before Trial. Appellant was definitly 'Surprised' by The Trial Court allowing The amended petition.

Appellant was prejudiced by The amended petition because it asserted a new ground for divorce. Previous To The amendment The sole ground for divorce was The 'No-fault' ground of insupportability. The Trial Court in allowing The new ground of felony-conviction allowed it To find 'fault' with Appellant. As The

Court of Appeals stated, "Both the divorce decree and the Trial Court's findings of fact and conclusions of law expressly state that one of the two grounds relied on by the Court in granting the divorce was Donker's felony conviction."

In Phillips v. Phillips, 75 S.W.3d 564, 572 (Tex. App.- Beaumont 2002), The Appeals Court stated when the dissolution of marriage is sought solely on ground of insupportability evidence of "fault" becomes irrelevant as an analytical construct and may not be considered by the Trial Court in its just and right division of the community estate.

In this Court of Appeals decision it even stated, " the no-fault ground of insupportability."

To find Appellant of "fault" for not being present at Trial even though the Trial Court knew Appellant was incarcerated and that Appellant was at "fault" for a felony-conviction influence the Trial Court and prejudiced the Appellant.

Additionally, The amended petition is prejudicial on it's face in that it presents a new ground for divorce which Appellant was unable to defend against because of its late filing and Appellants inability to be present. Appellant has strongly objected to the amended petition both to the Trial Court in his Motions for de nova and new Trial, and Appellant's Appeal. This amendment

asserted a new substentive matter, (a new ground that allows The Trial Court To find fault) That reshapes The nature of The case; (2) The opposing party could not have anticipated The amendment, (Appellant answered all filings of Appellee and Texas Rules of Civil Procedure say all filings must be on time and Appellant is To be given Notice of what To defend against); and (3) iT prejudices The plaintiff's presentation of The case, (Appellant was prevented from answering The allegation). Thus, The Trial Court violated Greenhalgh, 787 S.W.2d at 939; and Thomas, 408 S.W.3d at 593.

Appellant has shown This decision To be incorrect in allowing The amended petition. For This Court To allow This To stand is To basically say That inmates have No Constitutional rights To Notice, Due Process, Redress, or Equal Protection of The Law.

## III

The Court of Appeals reasoning in denying Appellants Third ground of error, That The Trial Court abused iTs discretion when it ruled against Appellant and found him at fault by reason of "felony-conviction" when said conviction was still under direct Appeal and as such noT "Final"; Thus denying Appellants constitutional Right of Due Process.

The Court of Appeals never specifically answered

This claim. IT lumped iT in with iTs reasoning for denying Appellant's ground Two error.

Under Texas Rules of Evidence § 803(22) "... evidence of a judgment, entered after a Trial or upon a plea of guilty or Nolo Contendere, adjudging a person guilty of a criminal offense, To prove any fact essential To sustain The judgment of conviction but NoT including, when offered by The STaTe for purposes other Than impeachment, judgment against persons other Than The accused. In all Cases, The pendency of an appeal renders such evidence inadmissible."

The Court of Appeals on page Two of its decision even stated The conviction was affirmed by ThaT Court on June 13, 2014. After The divorce.

Since The Legislature defines whaT is and whaT is noT a final felony conviction, as iT has done in The Texas Rules of Evidence § 803(22). The Courts are NoT aT liberty To ignore any legal definitions ThaT are deemed ConsTiTuTionel. Since T.R.E. 803(22) is ConsTiTuTionel, Appellant's felony conviction was NoT "final" by law on February 20, 2014 and The Trial Court abused its discretion in considering iT in its property division and in its granTing of divorce on ThaT ground. The only legal ground iT would have been allowed To use is The 'No-foulT'

14

ground of insupportability.

The Court of Appeals in not answering this error committed error and should review its decision.

## IV

The Court of Appeals reasoning in denying Appellants fourth ground of error, That The Trial Court abused its discretion in its community property division was in error.

Appellant has shown That The Trial Court abused its discretion by not Taking any of Appellants written responses into consideration; finding Appellant at fault for not being present at The Trial when The Trial Court knew Appellant was incarcerated and prevented from attending Trial; finding an amended petition proper even Though it was filed in Violation of Texas Rules of Civil Procedure 21-21a; 63.; finding Appellant at fault for a felony-conviction when according To Texas Rules of Evidence § 803(22) said conviction was not final; only Taking evidence from one party of The divorce; Granting one party of The divorce all The assetts of The community property contrary To established case law. (See O'Carolen V. Hopper, 71 S.W.3d 529, 532 (Tex. App. - Austin 2002, no pet.); Phillips V. Phillips, 75 S.W.3d 564, 572 (Tex. App. - Beaumont 2002); Morrison V. Morrison, 713 S.W.2d 377, 378-79 (Tex. App. - Dallas 1986, writ dism'd);

Fischer-Stoker V. Stoker, 174 S.W. 3d 272, 277 (Tex. App.— Houston [1st Dist] 2010, pet. den.).

For the Court of Appeals not to find the Trial Court abused its discretion is to ignore established case law already decided.

When divorce is granted on the sole grounds of insupportability, neither party is at fault. To then award one party 100% of the assets would be an abuse of discretion.

Appellant respectfully asks this Court of Appeals to rehear its decision.

## PRAYER

Appellant asks this Court to review its decision and amend it to show that the divorce decree be amended to show a sble ground of error of "insupportability."

Furthermore, Appellant asks that "no-fault" be found against either party in said divorce and that it be remanded back to the Trial Court with the following instructions:

Accept Appellant's Proposed Property division of 50% to Appellee and 50% to Appellant. In addition, The vehicle in Appellee's possession is to be hers solely and not to be considered community property. Additionally the value of the 401(k) plan before February 2014. That

Appellee has Through The Hyatt corporation is To be included in The community property. Once just and fair amounts are decided, Appellant's award is To be reduced by $5,000.00 and given To Appellee.

Respectfully Submitted

/s/ Clifford Bart Dunbar

Clifford Bart Dunbar

TDCJ-ID # 1782029

STiles UNiT

3060 FM 3514

Beaumont, Tx 77705

CERTIFICATE OF SERVICE

This 4th day of September 2015, I certify ThaT a True and correct copy of The foregoing document has been served on Appellee Through her Attorney of Record, Belind Roberts at 401 West 15th STreet, Suite 695, Austin, Tx. 78701 in accordance with The Texas Rules of Civil Procedure 21a Through The United States Postal Service.

Respectfully Submitted

/s/ Clifford Bart Dunbar

Clifford Bart Dunbar - Appellant

Pro Se RepresentaTion

17

Clerk of Courts
Third Court of Appeals
P.O. Box 12547
Austin, Texas
     78711-2547

Date: September 4, 2015

Re: Petition for Rehearing.

Dear Clerk:
     Enclosed please find my Petition for Rehearing numbering 17 pages.
     Could you please file it with The Third District Court of Appeals, At Austin and bring it to the Courts Attention.
     Thank you for your Time and efforts in This matter.

                    Respectfully Submitted
                    /s/ Clifford Dunbar
                    Clifford Dunbar
                    TDCJ-ID # 1782029
                    Stiles Unit
                    3060 FM 3514
                    Beaumont, Tx.
                              77705

RECEIVED
SEP 1 5 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Littany Dunbar
1788099 Stiles
3060 Fm 3514
Beaumont, Tx. 77705

Legal Mail

Clerk of Courts
Court of Appeals
Third District
P.O. Box 12547
Austin, Tx. 78711-2547